Nugent vs. Stark.

No. 6974.

Mrs. Alpha P. Nugent vs. Mrs. Dora L. Stark et al.

Before a mortgage created by an alleged agent can be enforced, it must be proved
that the alleged agent was specially authorized to make the mortgage.

A wife, although separate in property, can not be held on her mortgage note, when
the holder of the note fails to show that she was authorized by the judge to make
the mortgage, and fails to show that her pretended agent, who made the mort-
gage was empowered by her to do it, and also fails to show that the consideration
of the note inured to her separate benefit.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles.
Yoist, J.

Oliver O. Provosty for plaintiff and appellee.

Irion & Thorpe, Thos. Overton, and C. E. Frith for defendant and
appellant.

The opinion of the court was delivered by

DeBlanc, J. On the twenty-seventh of March 1874, T. O. Stark,
the husband of defendant, appeared before Théodore Guyol, a notary
public of the city of New Orleans, and then and there representing him-
self as the agent of his wife, by virtue—as he alleged—of a special
power of attorney, annexed—as declared by said notary—to an act
passed on that day before that officer, acknowledged that his wife was
indebted unto Richard Nugent in the sum of ten thousand dollars,
amount of a loan which he asserted he had obtained and received for
her, and to evidence which his wife had—on the twenty-first of March
1874, subscribed four notes to her own order and endorsed by her, one
for fifteen hundred, one for two thousand and two for three thousand
two hundred and fifty dollars.

To secure the payment of the notes thus subscribed by defendant
and delivered to Richard Nugent by her pretended agent, the latter gave
a mortgage on the Dora plantation, which—it is admitted—belongs to
his wife, who—by marriage contract — is separated in property from
him. That mortgage was given in favor of said Nugent, or any holder
of any of the notes delivered to him.

This suit is brought on one of said notes, transferred to plaintiff
after its maturity. Two petitions were filed by her counsel: in the first,
she proceeds on exclusively the note and the mortgage—in the second,
she charges that the note sued upon was given for defendant's benefit,
and that she was duly authorized by the judge to give it. In her
answer, defendant denies every allegation of both the original and sup-
plemental petition, avers the firm of Nugent & Co. acted as her factor,
and that she consigned to it more produce than sufficient to pay all she
ever owed it, or Richard Nugent.

The act of mortgage from defendant's husband to Richard Nugent,

read as it is written, does not appear to have been passed to secure advances *to be thereafter made,* but to secure an actual, an acknowledged claim, a loan obtained *and received.* The facts that such a loan was obtained and received, and that the note sued on was subscribed for money which enured to her benefit, are expressly denied by defendant, and—under no rule of law or jurisprudence—can we construe as a judicial admission of those denied facts, the vague and indefinite averment that "she has consigned to her factor more produce than sufficient to pay—not the note, the consideration of which she impugns and assails, but—in her own words—" all she ever owed that factor."

To the enforcement of the mortgage granted on the twenty-seventh of March 1874, by defendant's husband and on her separate property, there are not less than three fatal objections:

1. It was not shown that Mrs. Stark empowered her husband to contract any loan, acknowledge any debt, incumber or hypothecate her plantation. The only reference to that disputed agency is found in the testimony of Mr. Provosty, who said: "that, to the best of his belief, the power of attorney declared to be annexed to the act, was not with the copy of the act sent to Mr. Henderson Taylor, plaintiff's leading counsel in this case, who—owing to infirmities of age, and sickness was unable to be present at the trial." That declaration, howsoever true it may be, and we do consider it as true, does not establish even the existence, much less the extent of an indispensable power, one without which the mortgage is invalid and lifeless. R. C. C. 2997.

2. In order to more effectually bind the wife—at least we so presume—her pretended agent was made to acknowledge that the note was given and the mortgage granted for an indebtedness which—at the date of the act—had already been incurred, for a loan which—then —had already been received—and, on the trial, plaintiff attempted to establish the consideration of the note, the validity of the mortgage, by the production of accounts, on which the first item was charged on the twentieth of May 1874, more than fifty days after the mortgage was granted, and the last item in May 1875.

3. In the act of the twenty-seventh of March, the husband of defendant declared that she was authorized by the parish judge to grant the mortgage, and the notary that the certificate to that effect is attached to the act passed before him. In that instance, the parish judge was incompetent to examine and authorize the wife, and—had it been otherwise—his certificate is not in evidence, and—as a witness—he could not recollect when she was thus authorized, but only remembered that it was during the term of his office as parish judge of Avoyelles, without mentioning when he was commissioned and acted in that capacity.—R. C. C. 127.

The record contains the written approval of Mrs. Stark and her husband of the application of the proceeds of a crop, as credited in three accounts rendered, one in December 1874; the others, in January and February 1876. It may be that Mrs. Stark is liable for the balances charged in these accounts against the Dora plantation, but plaintiff's action against her is based on exclusively the note of the twenty-first, the mortgage of the twenty-seventh of March 1874, the consideration and validity of which—if they did or do exist—have not only not been established, but successfully contested.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is avoided and reversed, and plaintiff's action on exclusively the aforesaid note and mortgage rejected at her costs in both courts.

It is further ordered that any right or action growing out of the several accounts herein referred to, is specially reserved.